EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* OCTAVIO GARCÍA DELGADO c/p OCTAVIO DELGADO, acusado y apelante.

Números: CR-65-301    Resueltos: 15 de diciembre de 1966
CR-65-302

*Cruz Ortiz Stella* y *Humberto Ortiz Gordils,* abogados del apelante; *J. B. Fernández Badillo, Procurador General, J. F. Rodríguez Rivera, Sub-Procurador General,* y *Nilita Vientós Gastón, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

Dispone el vigente Art. 81 de la Ley de Bebidas de 1936, que será culpable de un delito menos grave "toda persona que tenga en su poder o custodia o a su disposición en forma alguna, bien sea como dueño, arrendatario, depositario, o como guardián o en cualquier forma, un alambique montado o desmontado, que no esté inscrito en la oficina del Secretario de Hacienda. . . ."

El 9 de abril de 1964 el fiscal acusó al apelante Octavio García Delgado ante la Sala de Humacao del Tribunal Superior, de dos infracciones a ese artículo, alegando en cada acusación que en el día 25 de marzo de 1964 García Delgado, en Naguabo, "tenía en su poder un alambique montado que no estaba inscrito en la oficina del Tesorero [*sic*] de Puerto Rico."

En la misma fecha el fiscal radicó contra García Delgado una tercera acusación por infracción al Art. 77 de esa ley, por tener en su posesión varios envases conteniendo ron sin adherir a los mismos los sellos de rentas internas correspondientes.

Los tres casos fueron a juicio conjuntamente. El tribunal absolvió al acusado de la tercera acusación. Lo declaró culpable en los casos referentes a la posesión de alambiques sin inscribir, imponiéndole una pena de seis meses de cárcel en cada uno, a cumplirse concurrentemente. Apeló en ambos casos. Apunta como error: "El Tribunal inferior cometió error al declarar culpable al acusado con la declaración de un cómplice cuyo testimonio no fue corroborado."

Hemos leído cuidadosamente los autos originales de las causas, la transcripción de evidencia y los breves alegatos de las partes. La ineludible conclusión, después de ello, que podemos formular, es que, obviamente, el error fue manifiesta y claramente cometido. Veamos.

La prueba de cargo consistió en las declaraciones de Carlos Ortiz Vega, Agente de Rentas Internas, y de Nemesio Viera Rodríguez, única persona que fue sorprendida operando los dos alambiques y que los tenía bajo su posesión, cuidado y custodia.

Resumido, el testimonio de Nemesio Viera Rodríguez, es como sigue: En la mañana del 25 de marzo de 1964 [1] el acusado, conduciendo una camioneta lo fue a buscar a su casa para ir a ver unos gallos; luego de verlos fueron a la casa de la madre de Octavio y allí echó dos talegas de carbón y dos galones plásticos dentro del vehículo; entonces fueron al sitio donde estaban los alambiques; allí Octavio le dijo: "Nemesio, *saca el carbón*, préndelo y espérame ahí, que voy a buscar leña." Los alambiques, según este testigo, eran del acusado; después de irse el acusado a buscar leña "llegó el agente de Rentas Internas."

_____

[1] El récord dice "diciembre."

El otro testigo de cargo, el agente Ortiz Vega, interrogado por el fiscal declaró:

"P. Explíquele al Tribunal qué sucedió, si algo sucedió, el día 25 de marzo del 1964 como a las 11 y 30 A.M. en el barrio Río Blanco de Naguabo, P.R.

"R. En dicha fecha y mientras estaba en recorrido de inspección por dicho barrio, sorprendimos al señor Nemesio Viera Rodríguez en compañía de un menor, quien le estaba cortando leña, unas varas al lado de los dos alambiques puestos al fuego en proceso de destilación.

"Dichos alambiques se ocuparon allí; se ocuparon 3 envases de cristal conteniendo aproximadamente dos galones y cuarto de ron caña. De dichos alambiques parte fue destruida, el dron caldera y fue ocupada la serpentina y el muchachito que acompañaba a Nemesio Viera Rodríguez se dio a la fuga.

"P. Qué le manifestó, si le manifestó algo allí Nemesio a Ud?

"R. El señor Nemesio Viera Rodríguez inmediatamente que lo arrestamos hizo la alegación de que solamente estaba allí haciéndole un favor a un amigo, que estaba cuidando allí en lo que el señor Octavio García Delgado estaba cortando leña más arriba de los alambiques."

Interrogado por el Tribunal declaró:

"LA CORTE: Dígame otra cosa, Agente Ortiz, a qué distancia estaba el acusado del sitio donde Ud. ocupó todos estos objetos a los cuales se ha referido?

"R. Estaba *bastante retirado*.

"P. Como a qué distancia?

"R. *Como 2 ó 3 hectómetros del sitio.*

"P. Como 2 ó 3 hectómetros del sitio donde ocupó los artefactos pertenecientes a los alambiques. Allí mismo investigó Ud., habló con él, con el acusado?

"R. Bueno, ese día no he hablado porque sucede que la evidencia esa estaba distante, nos fuimos, cuando caminamos, salimos delante de la casa de él con los alambiques, que llevaba carbón y llevaba otros envases vacíos que llevaba en la guagua de él.

"P. Quién llevaba?

"R. El acusado en la guagua de él."

Se admitieron como evidencia los dos alambiques, dos envases y un termo.

Prestó testimonio en su defensa el acusado, dijo que el día 25 de marzo de 1964 habló con el agente y éste le manifestó que estaba buscando alambiques por el barrio; declaró que él no era el dueño de los dos alambiques ocupados y que fue arrestado el día 26 de ese mes, o sea al día siguiente del arresto de Nemesio.

Luego de terminada la presentación de la prueba de El Pueblo, solicitó la defensa su absolución perentoria fundado en que la declaración del cómplice Nemesio Viera Rodríguez no había sido corroborada, y que para ello el testimonio del agente Ortiz resultaba insuficiente. El fiscal entonces se limitó a expresar: "sometemos la cuestión."

El juez sentenciador, en primer término resolvió "como cuestión de derecho, que Nemesio Viera Rodríguez es un cómplice a tenor de lo resuelto por el Tribunal Supremo . . . ."; después, entre otras cosas, dijo:

"Afirma el testimonio del detective, o agente Carlos Ortiz, quien declara que desde temprano comenzó la vigilancia el día de los hechos y que vio al acusado mientras cargaba en su vehículo de motor, carbón y unos artefactos, a cuyo hecho se refiere el propio Nemesio Viera Rodríguez.

"El Tribunal estima que esa prueba corrobora el testimonio de Nemesio Viera Rodríguez y en tales condiciones se declara sin lugar la moción interesando se absuelva al acusado perentoriamente."

El agente Ortiz en ningún momento declaró que "vio al acusado mientras cargaba en su vehículo de motor, carbón y unos artefactos." Todo lo que dijo fue que *después de haber sorprendido a Nemesio Viera Rodríguez* bregando con los alambiques, de haber arrestado a éste y ocupado los alambiques y "*3 galones que contienen los dos galones y cuarto de ron caña producto de la destilación*", emprendió el regreso y pasó por la casa del acusado, y allí, frente o cerca de la casa

vio la camioneta del acusado "que llevaba carbón y llevaba *otros envases vacíos* . . .".

El propio agente Ortiz manifestó que las cosas que había ocupado estaban distantes de la casa del acusado. Repitamos de nuevo lo que textualmente dijo al preguntársele por el juez sentenciador si había hablado con el acusado.

"Bueno, ese día no he hablado porque sucede *que la evidencia estaba distante,* nos fuimos, cuando caminamos, *salimos delante de la casa de él* con los alambiques, que llevaba carbón y *llevaba otros envases vacíos* que llevaba en la guagua de él." (Énfasis nuestro.)

No es posible deducir, racional y lógicamente, de esas palabras del agente Ortiz: (1) Que él comenzara temprano la vigilancia el día de los hechos y (2) que el agente viera al acusado "mientras cargaba en su vehículo de motor, carbón y unos artefactos" y que a tales artefactos "se refiere el propio Nemesio Viera Rodríguez."

El carbón a que se refirió Nemesio, fue el mismo que, según él, el acusado le había pedido que sacara de la camioneta y lo prendiera al llegar al sitio en que se encontraban los alambiques; y los envases, según Nemesio, fueron lo que, conteniendo ron, fueron ocupados. Es imposible concluir que lo que pudo observar el agente después, dentro de la guagua de éste, al pasar frente a la casa del acusado, sirviera para corroborar la declaración de Nemesio, o relacionar al acusado con la comisión de los delitos que se le imputaron.

La Regla 156 de las de Procedimiento Criminal dispone:

"No procederá la convicción por la sola declaración de un cómplice a no ser ésta corroborada por alguna otra prueba que por sí misma, y sin tomar en consideración la declaración del cómplice, tienda a demostrar la relación del acusado con la comisión del delito. Esta corroboración no será suficiente si probare solamente la perpetración del delito o las circunstancias del mismo."

Como hemos dicho, el tribunal de instancia consideró a Nemesio Viera Rodríguez cómplice del acusado. Según consta

del récord, Nemesio fue acusado separadamente, por tener en su posesión y custodia los alambiques sin inscribir y los galones de ron sin adherirles los sellos de rentas internas correspondientes. El fiscal pidió, en el acto del juicio contra el apelante, el archivo de las acusaciones contra Nemesio y que se concediera, inmunidad a éste para ofrecerlo como testigo contra el apelante y así se acordó por el juez de instancia. Desafortunadamente, ahí soltó el pájaro que tenía en la mano por irse detrás del buitre que iba volando.

Bajo el citado Art. 81 de la Ley de Bebidas, como poseedor, custodio o guarda de los alambiques, pudo ser convicto sin dificultad.

El precepto de la Regla 156, prohibe toda convicción por la sola declaración de un cómplice a no ser ésta corroborada con sujeción a los siguientes requisitos:

(1) por alguna *otra* prueba, (2) que por sí misma y *sin tomar en consideración la declaración del cómplice,* (3) tienda a demostrar la relación del acusado con la comisión del delito.

Esta corroboración, añade la Regla 156, no será suficiente si probare solamente la perpetración del delito o las circunstancias del mismo.

La *otra prueba* que adujo El Pueblo consistió en la declaración del agente Ortiz Vega. Su declaración versa: (1) sobre lo que él vio e hizo en el sitio en que se operaban los alambiques, que ya se deja dicho a la página 799 que antecede y (2) sobre lo que le manifestó la única persona que los custodiaba u operaba, Nemesio Viera Rodríguez, sin estar, desde luego, presente el acusado y sin ser advertido Nemesio de las consecuencias de su declaración y demás derechos.

Lo que el agente vio en nada tiende a demostrar "la relación del acusado con la comisión del delito"; lo que le manifestó Nemesio, sólo constituye una repetición, duplicación o reproducción de lo que Nemesio, como testigo, declaró en juicio.

La declaración del agente, probó claramente la mera comisión de ciertas infracciones a la Ley de Bebidas por Nemesio Viera Rodríguez. La Regla 156 dispone que ello no es suficiente para establecer la relación entre el acusado y la comisión del delito. Según dicho agente se encontraba distante el acusado, como a dos o tres hectómetros de donde estaba Nemesio operando los alambiques. La circunstancia de que al pasar por la casa del acusado, con los objetos ocupados, y poder observar el agente que dentro de la camioneta se "llevaba carbón y llevaba *otros* envases vacíos", no corrobora suficientemente el testimonio de Nemesio Viera en su parte principal que atribuía al apelante la propiedad de los alambiques.

*Se revocarán las sentencias apeladas.*